# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX ROLANDO HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ANTHONY HEDGPETH,<br><br>　　　　Defendant | Case No.:12-cv-00785-AWI-SAB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>(ECF No. 18) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

On January 12, 2009, in the Fresno County Superior Court, Petitioner was convicted by jury of two counts of home invasion robbery (Cal. Penal Code §§ 211/213(a)(1)(A)). It was also found that the principle discharged a firearm during the commission of those counts, causing death (Cal. Penal Code § 12022.53(d), (e)(1)). (CT[1] 500-503.) In a bifurcated bench trial, the trial court convicted Petitioner of participating in a criminal street gang (Cal. Penal Code § 186.22(a)), and determined that he committed the robbery for the benefit of a criminal street

---

[1] "CT" refers to the Clerk's Transcript on appeal.

1

gang (Cal. Penal Code § 186.22(b)(1)).  (CT 543.)  Petitioner was sentenced to 156 years to life in prison.  (CT 555-600.)

On November 10, 2010, the California Court of Appeal for the Fifth District affirmed the judgment but remanded the case to the trial court to correct a sentencing error.

On December 6, 2010, Petitioner filed a petition for review in the California Supreme Court.  On February 16, 2011, the California Supreme Court granted review and transferred the case back to the Court of Appeal to specifically consider a sentencing issue.

On April 15, 2011, the Court of Appeal again affirmed the convictions but modified Petitioner's sentence.

Petitioner filed the instant petition for writ of habeas corpus on May 14, 2012.  On October 8, 2012, Respondent filed a motion to dismiss the petition for failure to exhaust the state court remedies.  After receiving an extension of time, Petitioner filed an opposition on December 10, 2012.

**DISCUSSION**

I.     Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases.  See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254

Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

### II. Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See Anderson v. Harless, 459 U.S. 4, 7 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ("a claim for relief in habeas corpus must include

reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d at 1241. In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.

///

///

4

> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000).

In the petition for review filed in the California Supreme Court, Petitioner presented the following three claims: (1) the trial court erred in imposing a five-year enhancement on each robbery count; (2) there was insufficient evidence that Petitioner committed the robberies with the specific intent to benefit a criminal street gang; and (3) there was insufficient evidence that Petitioner participated in a criminal street gang.

In the instant federal petition, Petitioner argues the trial judge granted his motion for bifurcation indicating there was no gang related evidence, yet he was found guilty of gang-enhancements. Respondent argues that this claim was not exhausted to the state court as Petitioner appears to be attacking the trial court's ruling on the motion to bifurcate the gang-related charges and allegations. Respondent is correct that any challenge to the trial court's ruling on the motion to bifurcate was not presented to the California Supreme Court and has not been exhausted.

In his opposition, Petitioner argues that the sole issue is whether there was sufficient evidence to support the true finding on the gang-enhancements. (Opp'n at 2.) Petitioner explains that he may have failed to properly articulate his claim for relief, and his petition should be construed liberally. (Id. at 3.) As Petitioner has made his claim clear in his opposition, the Court finds the proper remedy is to grant Petitioner the opportunity to amend the petition to clearly set forth his claim(s) for relief. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). If Petitioner fails to

amend the petition, the Court recommends that Respondent's motion to dismiss for failure to exhaust the state court remedies be granted.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. If and when the instant Findings and Recommendation is adopted, Petitioner be granted the opportunity to file an amended petition; and

2. If an amended petition is not filed, Respondent's motion to dismiss the petition as unexhausted be GRANTED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 7, 2013** **/s/ Stanley A. Boone**
 UNITED STATES MAGISTRATE JUDGE